IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cases Nos. 1:06CR00077-001 |
| ) | and 1:06CR00057 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TIMOTHY CARL LING,** ) | Judge James P. Jones |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; James B. Craven III, Durham, North Carolina, for Defendant.*

Defendant Timothy Carl Ling, sentenced by this court in 2008, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). His motion is based on the risk posed to him by the COVID-19 pandemic. For the reasons that follow, I will deny the motion.

I.

Ling's offense conduct and criminal history are rife with fraud and demonstrate that he is, to put it bluntly, a con artist. For two and a half years, he devised and executed a scheme to deceive others into believing he was a quadriplegic. He did so to avoid probation violations and conditions of supervised release, as well as to profit financially through the undeserved receipt of medical and

disability benefits. He pretended to be a quadriplegic while appearing at a federal court hearing and during a court-ordered competency evaluation. He repeatedly lied to probation officers about his physical condition.

Ling and his mother also devised and executed a scheme to defraud five credit card companies by opening 83 credit card accounts, falsely claiming the cards had been stolen, denying having made charges on the accounts, and failing to remit payment for goods and services they received. In addition, Ling and his mother fraudulently concealed their ownership and control of a scrap metal business to avoid paying income taxes. They purchased real property used by the scrap metal business with cash advances on the credit cards they had fraudulently obtained.

On November 6, 2006, Ling pled guilty to two counts of a six-count Indictment in Case No. 1:06CR00057: Count Three, making false statements or representations in an application to obtain benefits under the Social Security Income Benefit Program, and Count Five, obstructing official proceedings by making false statements regarding his medical condition to a United States probation officer.

On January 17, 2007, a Superseding Indictment in Case No. 1:06CR00077 charged Ling with three more fraud-related charges. On August 20, 2007, pursuant to a Plea Agreement, Ling pled guilty to Count Five of the Superseding Indictment, which charged him with conspiracy to commit mail fraud. He also pled guilty to four counts of a six-count Information filed in Case No. 1:06CR00077: conspiracy

to execute a scheme to obtain money from a financial institution by false pretenses; conspiracy to defraud the United States for the purpose of impeding the functions of the Internal Revenue Service; engaging in monetary transactions involving a value greater than $10,000 derived from a conspiracy to commit bank fraud; and aggravated identity theft.  The Plea Agreement stated that the government intended to seek an upward departure from the advisory Sentencing Guidelines range.  Ling agreed that he would not receive any credit for acceptance of responsibility.

Ling's criminal history included prior convictions for making or uttering a false prescription for OxyContin and possessing counterfeit United States currency.  He was on supervised release when he committed the offenses of conviction.  His guideline range of imprisonment calculated in a joint Presentence Investigation Report for both cases was 63–78 months imprisonment, and one of the charges to which he pled guilty carried a consecutive mandatory minimum term of imprisonment of two years.

I sentenced Ling in both cases by a single judgment to a total term of 192 months imprisonment.  My reasons for sentencing him above the advisory guideline range included the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the defendant.  Statement of Reasons 3, ECF No. 140.  In justifying the sentence I imposed, I wrote that Ling's "extreme conduct and repetitive similar

conduct, even after prior criminal sanctions, show that he is unable to be deterred by a sentence within the advisory guideline [range] and that the public must be protected from him by the sentence imposed." *Id.*

A review of Ling's prison medical and disciplinary records suggests that he has not changed his ways. His medical records are replete with references to malingering, suggesting that he continues to lie about the state of his health. *See, e.g.*, Gov't's Opp'n Ex. 1, Med. Recs. Part 2 at 14, 15, 35, ECF No. 155-1; Med. Recs. Part 3 at 7, 37, ECF No. 155-2. Regarding Ling's prescription for an asthma inhaler, one provider wrote, "his history of malingering would not surprise me if he has faked his way to that diagnosis." Gov't's Opp'n Ex. 1, Med. Recs. Part 2 at 14–15, ECF No. 155-1. He has incurred disciplinary infractions for disposing of medication, feigning illness (three separate occasions), assaulting another inmate, interfering with staff, exchanging money for contraband, lying or falsifying statement, possessing drugs, possessing unauthorized item (twice), and being in unauthorized area. Gov't's Opp'n Ex. 2, ECF No. 152-1.

Ling claims that he suffers from a number of medical conditions that place him at increased risk of severe illness should he contract COVID-19, including diabetes, congestive heart failure, severe asthma, and obesity. His diabetes is listed as "resolved" as of April 2021. He received the Pfizer-BioNTech COVID vaccine on December 19, 2020, and January 6, 2021.

-4-

Ling is now 44 years old. He is currently housed at FCI Petersburg Medium. His projected release date is June 3, 2023.

II.

The court begins with the mandatory threshold requirement for granting relief — administrative exhaustion. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). A district court may modify a term of imprisonment either upon motion of the Bureau of Prisons (BOP) Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *1 (W.D. Va. July 24, 2019).

In its opposition to the defendant's motion, the government argued that Ling had not exhausted his administrative remedies because the BOP had no record of Ling submitting a request to his warden, and Ling had not filed a copy of his request with his motion. In reply, however, Ling filed a copy of a letter dated September 17, 2021, from Ling's counsel to the Warden of FCI Petersburg, where he is housed. Ling filed his motion in this court more than thirty days after the date of the letter. Given this evidence, I find that Ling has met the statutory exhaustion requirement, and I will proceed to consider his motion on the merits.

III.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

Considering the evidence before me, combined with Ling's history of lying about his medical conditions, I cannot conclude that he has met his burden of establishing an extraordinary and compelling reason for relief. Even if he suffers from the conditions he claims to have — and on this record, I am not fully convinced that he does — Ling is fully vaccinated. It is true that he received his second shot nearly a year ago and his immunity may have waned somewhat. The court does not have any information regarding whether Ling has been offered or received a booster shot, or whether the BOP has begun administering booster shots to inmates. Nevertheless, the Centers for Disease Control and Prevention states that "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths

due to infection with the Omicron variant." Centers for Disease Control and Prevention, *Omicron Variant: What You Need to Know*, available at https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited Jan. 5, 2022). Moreover, now that vaccines are widely available to inmates and prison staff, the record does not demonstrate that Ling faces a greater risk from COVID-19 while incarcerated than he would were he to be released from prison.

Even if Ling had established an extraordinary and compelling reason for relief, however, I would deny his motion based on my application of the 18 U.S.C. § 3553(a) factors. In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable. I continue to find Ling's offense conduct egregious, and I am unconvinced that his time in prison has rehabilitated him. His existing sentence remains necessary to protect the public from future crimes. Ling's conduct while incarcerated clearly shows that the time he has already served has not been sufficient to satisfy the statutory purposes. I find that Ling has not shown that the extraordinary relief he seeks is warranted.

IV.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated, it is **ORDERED** that the defendant's motion, ECF No. 147, is DENIED.

ENTER: January 10, 2022

/s/  JAMES P. JONES
Senior United States District Judge